UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| WILLIAM JONES, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 1:14-CV-62-ACL |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on transfer from the United States District Court for the Western District of Missouri. The record reflects that plaintiff was assessed, and has paid, an initial partial filing fee of $1.50. After reviewing the complaint, and for the reasons set forth below, the Court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in

1

either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff, an inmate at the Jefferson City Correctional Center, brings this 42 U.S.C. § 1983 action for monetary relief for alleged constitutional violations that occurred at the Southeast Correctional Center ("SECC") in 2013. Named as defendants are the Missouri Department of Corrections ("MDOC"), George A. Lombardi (Director, MDOC), and SECC correctional officers J. Whit and Unknown Woods. Plaintiff alleges that Whit and Woods strip-searched him at SECC on July 29, 2012, and his "knees was [sic] cut and bruised do [sic] to being face down on the ground by "forced" [sic]." He claims that he was sexually assaulted, because defendants Whit and Woods "placed there [sic] hand between [his] buttocks and

groin (hand on anus and genitalia)." In addition, plaintiff alleges that defendant Lombardi violated prison policies and was negligent in failing to investigate the incident.

## Discussion

Having carefully reviewed the complaint, the Court concludes that dismissal is warranted under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's claims against defendant MDOC are barred by the Eleventh Amendment. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Moreover, a suit against the MDOC is, in effect, a suit against the State of Missouri; however, the State of Missouri is not a "person" for purposes of a § 1983 action and is absolutely immune from liability under § 1983. *See Will Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). For these reasons, the complaint will be dismissed as legally frivolous as to the MDOC.

Furthermore, the Court notes that plaintiff is bringing this action against the individual defendants, Lombardi, Whit, and Woods, in their official capacities. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the

State of Missouri. *See Will*, 491 U.S. at 71. "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants Lombardi, Whit, and Woods.

As additional grounds for dismissing this action, the Court notes that supervisors, such as George Lombardi, cannot be held vicariously liable under § 1983 for the actions of a subordinate. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *see also Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Rivera v. Goord*, 119 F.Supp.2d 327, 344 (S.D.N.Y.2000) (allegations that inmate wrote to prison officials and was ignored insufficient to hold those officials liable under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct.23, 1998) (receiving letters

or complaints does not render prison officials personally liable under § 1983); *Watson v. McGinnis*, 964 F.Supp. 127, 130 (S.D.N.Y.1997) (allegations that an official ignored a prisoner's letter are insufficient to establish liability). Moreover, mere negligence does not rise to the level of a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment violation); *Morton v. Becker*, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment Due Process Clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

For the above-stated reasons, the Court will dismiss this action under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th Day of May, 2014.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE